BELL v. SECRETARY OF TREASURY.
See Case No. 18,231.

## Case No. 18,232.

BENTLEY v. JOSLIN et al.

[Hempst. 218.] [1]

Superior Court, Territory of Arkansas. Jan., 1833.

INJUNCTION—SUIT ON BOND WHILE PENDING.

Where an injunction has been dissolved, and afterwards reinstated, and is still pending, no suit can be maintained on the injunction bond, as for a breach of it.

Appeal from Conway circuit court.

[This was an action of debt by George Bentley against Samuel B. Joslin and others. From a judgment against plaintiff for costs, he appeals.]

Before ESKRIDGE, CROSS and CLAYTON, Judges.

OPINION OF THE COURT. This was an action of debt brought in the Conway circuit court by the appellant against the appellees, upon an injunction bond. The defendants craved oyer of the bond, set out the condition, and pleaded that after injunction for which the bond was given had been dissolved, and before the institution of the suit, they paid the damages decreed against them by the order dissolving the injunction, and that upon an amended bill filed the injunction had been reinstated, was still pending, and a new bond given. To this plea a general demurrer was filed by the plaintiff. The court overruled the demurrer, and gave judgment against the plaintiff for the costs, from which an appeal was taken to this court.

The reinstating of the injunction placed the cause in the court of chancery, in the same situation in which it stood previous to the dissolution of the injunction. It is a matter of daily occurrence to reinstate an injunction upon the filing of an amended bill. It does not thereby become a new cause, but in our opinion is the continuation of the same cause. The injunction bond is not broken so long as the injunction remains in force. The demurrer admits the injunction in this cause to be still in existence. To permit the party to go on and collect the amount of the bond, before it is ascertained whether the injunction will be dissolved or perpetuated, is too obviously contrary to justice to be consistent with law. Judgment affirmed.